IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AKEISHA NICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 09 C 6075 |
| | ) | |
| vs. | ) | JUDGE CHANG |
| | ) | |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE ASHMAN |
| SYLVIA SANCHEZ, STAR #18847; | ) | |
| CHICAGO POLICE OFFICER | ) | |
| CHRISTIAN M. GAAL, STAR #10228; | ) | |
| CHICAGO POLICE SERGEANT | ) | |
| JAMES R. TAYLOR, STAR #1951; | ) | |
| OTHER UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS; and ND & KZ | ) | |
| INVESTMENTS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ND AND KZ INVESTMENT INC.'S MOTION FOR SUMMARY

NOW COMES the defendant, ND & KZ INVESTMENTS, INC. (here-in-after ND/KZ), by its attorney Stephen T. Mikus and as its Motion for Summary Judgment pursuant to FRCP 56, states as follows:

1. Plaintiff filed her first amended complaint in this matter on March 16, 2010. (Dkt. # 16). The first amended complaint includes the following three counts:

   I:   42 U.S.C. § 1983 Deprivation of Civil Rights – Fourth Amendment
   II:  Section 1983 Conspiracy Claim
   III: State Law Claim – Intentional Infliction of Emotional Distress

2. All three claims are asserted against all defendants: Chicago Police Department Sergeant James Taylor, Officer Christian Gaal, Officer Sylvia Sanchez, Unknown Officers, and ND&KZ Investments. These claims arise out of the Chicago police officers' response to a

criminal trespass call at 7521 S. Coles on January 9, 2009, and plaintiff's request for a Chicago Police Department supervisor on January 10, 2009. ND/KZ has denied all material allegations.

3. The facts of this case are straightforward as set out in this defendant's and codefendants' Rule 56.1 statements.

4. As more fully set out in its brief and the factual statements, ND/KZ owner, Kris Ziomek, called the police due to a disturbance coming from what he believed was an unoccupied apartment of a building that ND/KZ owned and managed. When the police came and knocks at the door by the police were not answered, he gave the police permission to break the door down and enter the apartment. The police undertook their actions without Ziomek present. Kris Ziomek did not participate in the actions of the police. He entered the apartment only at the request of the police.

5. Ten depositions have been taken in this case. Depositions have been taken of plaintiff, plaintiff's boyfriend Chris Tsamis, ND/KZ owner Kris Ziomek and seven police officers, including the named defendants. Discovery has been completed and closed.

6. Fed.R.Civ.P. 56(c) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) support this motion.

7. As set out in its brief, Plaintiff cannot prove color of state law or conspiracy by ND/KZ. 42 U.S.C. § 1983; *Moore v. Marketplace Rest., Inc.,* 754 F.2d 1336, 1352 (7th Cir.1985); *Berry v. Lindemann* 2006 WL 2536683 (N.D. IL 2006) and ND/KZ is not responsible for the actions of the police. *Berry v. Lindemann* 2006 WL 2536683 (N.D. IL 2006) Any actions by ND/KZ do not support her claim of conspiracy. *Bergstrom v. McSweeney,* 294 F.Supp.2d 961, 965 (N.D.Ill.2003) (citing *Moore v. Marketplace Rest., Inc.,* 754 F.2d 1336, 1352 (7th Cir.1985)at 1352); *Berry v. Lindemann* 2006 WL 2536683 (N.D. IL 2006)

8. As more fully set out in its brief and the factual statements, Plaintiff cannot prove a deprivation of rights.

9. ND/KZ adopt the Motion and Arguments of Codefendant Police Officers in support of its contention that plaintiff's rights were not violated by them or ND/KZ.

10. In addition, the actions of ND/KZ's Kris Ziomek was to call the police to an apartment building owned by it and allowing them to break in the door when no one responded to knocks at the door. Such actions are not a deprivation of constitutional rights.

11. As more fully set out in its brief and the factual statements Plaintiff cannot prove Intentional Infliction of Emotional Distress. *McGrath v. Fahey,* 126 Ill.2d 78, 533 N.E.2d 806 (IL1988) has set out the standard for proof of Intentional Infliction of Emotional Distress:

12. As with every Count, the essential fact is the same. ND/KZ Kris Ziomek called the police and allowed entry to an apartment. As admitted by plaintiff throughout her deposition—when the police entered the apartment and allegedly undertook the complained actions, Ziomek was not there, taking no part in the police actions. His actions do not rise at all to the requirements set out in *McGrath, supra.*

13. ND/KZ owner, Kris Ziomek, called the police due to a disturbance coming from what he believed was an unoccupied apartment of a building that ND/KZ owned and managed. When the police came and knocks at the door by the police were not answered, he gave the police permission to break the door down and enter the apartment. The police undertook their actions without Ziomek present. Kris Ziomek did not participate in the actions of the police. He entered the apartment only at the request of the police.

14. These actions do not amount to conspiracy with police officers, ND/KZ's Kris Ziomek did not take any actions against the plaintiff, the officers actions were justified as set out in their own motion and the calling of police to an apartment are not actions that meet the intentional infliction of emotional stress standard as set out by the Illinois Supreme Court.

15. Accordingly, Summary Judgment should be granted as to all counts as to Defendant ND & KZ Investments Inc.

WHEREFORE, this Defendant, ND & KZ Investments pray that the Court enter Judgment in its favor against the plaintiff as to all counts of the Complaint.

Dated: July 21, 2011　　　　　　　　　　ND & KZ INVESTMENTS, INC.

　　　　　　　　　　　　　　　　　　　/s/ Stephen T. Mikus
　　　　　　　　　　　　　　　　　　　Its attorney

Stephen T. Mikus
101 N. Wacker Dr., Suite 101
Chicago, IL 60606-1784
312.327.0066; fax: 312.263.5759
email: stmlaw@msn.com